UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ROBERT VAILE,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 5:16-cv-00393-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Johnny Robert Vaile ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 19 ("Pltf.'s Br."), Dkt. 28 ("Def.'s Br."), and Dkt. 30 (Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

///

///

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On February 29, 2012, Plaintiff filed applications for DIB and SSI, alleging that he became disabled as of April 19, 2006. [Dkt. 15, Administrative Record ("AR") 34.] The Commissioner denied his initial claim for benefits and then denied his claim upon reconsideration. [AR 73-106; 107-138; 139-143; 152-156.] On October 29, 2013, a hearing was held before Administrative Law Judge ("ALJ") Nancy M. Stewart. [AR 48-72.] On February 20, 2014, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 29-47.] Plaintiff requested review from the Appeals Council, which denied review on January 15, 2016. [AR 1-7.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1) 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since April 19, 2006, the alleged onset date, through March 31, 2010, his date last insured. [AR 34.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the spine; mood disorder; and mild obesity. [AR 34 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 34-35 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(c) except the claimant can occasionally can [sic] lift and/or carry 20 pounds and 10 [pounds] frequently; the claimant can push and/or pull within these weight limits but on an occasionally [sic] basis as to the lower extremities; the claimant can stand and/or walk 4 hours in an 8-hour workday with no prolonged walking greater than 30 minutes at a time; the claimant can sit for 6 hours

> of an 8-hour workday with the ability to stand and/or
> stretch for one minute at the end of each hour, not to
> exceed 10% of the day; the claimant cannot climb ladders,
> ropes, or scaffolds; the claimant can occasionally climb
> ramps or stairs, stoop, bend, kneel, crouch, or crawl; he is
> precluded from working on hazards such as working at
> unprotected heights, operating dangerous or fast
> machinery, or driving commercial vehicles; the claimant is
> limited to unskilled, simple, routine, and repetitive tasks
> the claimant can have occasional public contact and
> occasional intermittent contact with co-workers and
> supervisors.

[AR 36.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but determined that based on his age (41 years old), limited education, and ability to communicate in English, he could perform representative occupations such as production solderer (Dictionary of Occupational Titles ("DOT") 813.684-022), electronics worker (DOT 726.687-010), and sewing machine operator (DOT 786.682-026) and, thus, is not disabled. [AR 41-42.]

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Where the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the

administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993)); *Taylor v. Comm'r of Soc. Sec. Admin.* 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); *Penny v. Sullivan*, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole").

## IV. DISCUSSION

### A. The New Medical Evidence Submitted To The Appeals Council Renders the ALJ's Decision Unsupported by Substantial Evidence.

Plaintiff first contends that the Appeals Council failed to incorporate into the administrative record the May 2014 MRI report presented for the first time to the Appeals Council. [Pltf.'s Br. at 6-8.] The Commissioner contends that the new MRI relates to a period after the ALJ's decision, and therefore, Appeals Council's decision not to include the MRI in the record was proper. [Def.'s Br. at 4.]

When "new and material evidence is submitted" to the Appeals Council relating "to the period on or before the date of the [ALJ's] hearing decision," the Council must consider the additional evidence in determining whether to grant review. *See* 20 C.F.R. § 416.1470(b). When the evidence postdates the ALJ's decision, the Council must still consider it if it is "related to" the period before the ALJ decision. *Taylor,* 659 F.3d at 1233 (treating physician's opinion "concerned his assessment of [plaintiff's] mental health since his alleged disability onset date" and therefore "related to" period before plaintiff's disability insurance coverage expired and before ALJ's decision (citing 20 C.F.R. § 404.970(b))). Here, it is undisputed that the MRI postdated the ALJ decision. However, the Appeals Council "looked at…Bear Valley 101 specialists records from May 7, 2014" and determined

4

that "[t]his new information is about a later time [and] [t]herefore, it does not affect the decision about whether [Plaintiff] was disabled beginning on or before February 20, 2014." [AR 2.] Accordingly, the May 7, 2014 MRI was submitted to, *and considered by*, the Appeals Council, and therefore the Court finds that it is part of the administrative record for purposes of "determin[ing] whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence." *Brewes,* 682 F.3d at 1163l; [Dkt. 19-1.]

Plaintiff next contends that the ALJ decision should be reversed and remanded because the new medical evidence demonstrates that the ALJ's decision is not supported by substantial evidence. [Pltf.'s Br. at 5-12.] For the reasons discussed below, the Court agrees.

The Appeals Council's decision to deny review is not subject to judicial review by the courts. Thus, the decision under review remains that of the ALJ. *Taylor*, 659 F.3 at 1231–32. As such, the Court must engage in an "overall review" of the ALJ's decision, including the new evidence, to determine whether the decision was "supported by substantial evidence" and "free of legal error." *Taylor*, 659 F.3d at 1232.

Here, Plaintiff submitted additional records to the Appeals Council including treatment notes from Shatha Bakir, M.D., and an updated MRI report. Dr. Bakir completed a new patient consultation report for Plaintiff on January 29, 2014 and a residual functional capacity questionnaire on May 12, 2014. Dr. Bakir opined that Plaintiff cannot lift or carry over ten pounds; can occasionally handle, push, pull, and do fine manipulation with his hands; can occasionally bend and stoop; rarely squat, crawl, climb, reach up, reach forward, crouch, or kneel due to lumbar radiculopathy. [AR 677-678.] Dr. Bakir identified redness, muscle spasms, and spinal deformity as the objective signs of pain. [AR 678.] In addition, on May 7, 2014, Plaintiff underwent an MRI, which revealed mild levoscoliosis, mild to moderate multilevel degenerative changes, and a mildly congenitally narrowed

5

spinal canal with short pedicles resulting in spinal canal and neural foraminal stenosis. [Dkt. 19-1.]

The Commissioner contends that this additional medical evidence is from a time after the ALJ's decision and, thus, not material. [Def.'s Br. at 6-11.] However, the mere fact that some of the records submitted to the Appeals Council post-date the ALJ's decision does not in itself render those records irrelevant to the disability determination. *See Smith v. Bowen,* 849 F.2d 1222, 1225 (9th Cir. 1988) (in general, "reports containing observations made after the period for disability are relevant to assess the claimant's disability"). Indeed, as the Ninth Circuit has explained, "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Id.; see also Lingenfelter v. Astrue,* 504 F.3d 1028, 1033 n. 3 (9th Cir. 2007) (noting that medical reports made after the plaintiff's disability insurance lapsed were relevant and were properly considered by the ALJ and the Appeals Council under *Smith* ). In this case, Plaintiff's new medical records relate to treatment for conditions (degenerative disc disease of the spine and myofascial back pain) that existed during the period of disability. Consequently, these records are relevant to assess Plaintiff's disability in this case. Accordingly, remand is warranted to allow the ALJ to consider Plaintiff's new medical evidence, including Dr. Bakir's medical evaluation and the MRI report.[1] Even if Dr. Bakir's opinion is contradicted by other evidence in the record, as a treating physician, his opinion may not be rejected without "specific and legitimate reasons…supported by substantial evidence in the record." *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir. 1995).

---

[1] Although not raised as a separate claim on appeal, Plaintiff attempts to muddy the waters by attacking consultative examiner Vincente Bernabe, D.O., on the grounds that Dr. Bernabe is not board certified and has been sued for malpractice. [Pltf.'s Br. at 9.] Plaintiff attaches several unauthenticated printouts from various websites to support his position. [*See* Dkt. 19-2.] The Court notes that Plaintiff did not raise this issue with the ALJ or Appeals Council. Nonetheless, on remand, the ALJ may consider this issue, as appropriate.

## B. The Vocational Expert's Testimony Conflicted With The DOT And The ALJ Erred By Failing To Resolve The Conflict.

Plaintiff next contends that, because a full range of light work may require an ability to stand and walk up to *six hours* per day, Plaintiff's restriction to *four hours* of standing/walking with no prolonged walking for more than *thirty minutes* conflicts with the three representative occupations identified as "light" in the DOT. [Pltf.'s Br. at 11-17.] The Court agrees.[2]

In general, an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p ). If a deviation from the DOT exists, the ALJ should obtain a reasonable explanation for the deviation. *Massachi*, 486 F.3d at 1153; SSR 00-4p; *Light v. Comm'r of Soc. Sec. Admin.,* 119 F.3d 789, 793 (9th Cir. 1997) (ALJ may rely on vocational expert testimony that contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation); *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding Plaintiff's ability to perform particular jobs, or inferences drawn from the context of the vocational expert's testimony. *See Johnson*, 60 F.3d at 1435, n. 7 (ALJ provided sufficient support for deviation by noting that the vocational expert described characteristics and requirements of jobs in the local area consistent with plaintiff's RFC).

///

---

[2] The Court has considered the Commissioner's argument that Plaintiff waived any challenge to this issue on appeal [Def.'s Br. at 7-8; Pltf.'s Reply at 5-8], and declines to find waiver or that the ALJ's error was harmless on the basis that Plaintiff's counsel failed to raise the issue at the hearing. *See Pinto v. Massanari*, 249 F. 3d 840, 843-44 (9th Cir. 2001) (considering the issue of whether the vocational expert's testimony conflicted with the DOT and noting that the issue was not addressed at the hearing level).

At the hearing in this case, the ALJ presented the vocational expert with a hypothetical person who was the same age as Plaintiff, same education and past work history, and had a RFC for light work similar to Plaintiff's, including limiting standing/walking to four hours per day with no prolonged walking greater than thirty minutes at a time. [AR 69.] The vocational expert testified that such a person would be able to perform representative occupations such as production solderer (DOT 813.684-022), electronics worker (DOT 726.687-010), and sewing machine operator (DOT 786.682-026). [AR 69-70.] Plaintiff's counsel did not pose any additional hypotheticals or questions to the vocational expert. [AR 70.]

The vocational expert's testimony that these three jobs could be performed with the four-hour stand/walk limitation and no prolonged walking greater than thirty minutes is inconsistent with the DOT because the DOT classifies them as light jobs requiring six hours of standing/walking. The ALJ may rely on expert testimony that contradicts the DOT if the record contains persuasive evidence to support the differences. *Johnson,* 60 F.3d at 1435. However, the vocational expert in this case gave no supporting information to justify her statement that these three light jobs could be performed with a four-hour stand/walk limitation instead of six. Indeed, since the vocational expert testified that her testimony did not contradict the DOT, it is difficult to imagine how she would have resolved any contradiction. [*See* AR 70.] As such, the Court finds that the record fails to contain persuasive evidence to support this deviation from the DOT.

### V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings

8

turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found that the ALJ erred at step two of the sequential evaluation process. Thus, remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at step two.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: June 27, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE